UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NICHOLAS WINDSOR ANDERSON, | |
| Petitioner, | Case No. C24-1961-KKE-MLP |
| v. | |
| SCOTT SPEER, | REPORT AND RECOMMENDATION |
| Respondent. | |

## I.   INTRODUCTION

Petitioner Nicholas Anderson is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington. He has filed a petition for writ of habeas corpus seeking relief from a judgment and sentence entered in King County Superior Court case number 14-1-06506-6. (*See* dkt. # 3 at 2.) Though Petitioner presented his petition to the Court as one filed under 28 U.S.C. § 2241, the Court has construed the petition as one filed under 28 U.S.C. § 2254. (*See* dkt. # 6 at 1-2 (citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004) ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]")).) The petition has not been served on Respondent. After careful review of

the petition, and the balance of the record, this Court concludes that Petitioner's federal habeas petition should be dismissed.

## II.    DISCUSSION

The Court received Petitioner's federal habeas petition for filing on November 26, 2024. (*See* dkt. # 1.) Petitioner asserted therein that his current custody is unlawful because King County authorities failed to secure an arrest warrant before seizing his person, in violation of his Fourth Amendment rights. (*See* dkt. ## 3, 3-3.) Petitioner claimed that because no warrant was issued for his arrest, the King County Superior Court lacked authority to enter a judgment and sentence in his criminal case. (*See* dkt. # 3-3 at 2.)

After reviewing the petition, this Court determined that the single claim asserted by Petitioner was not eligible for federal habeas review. Thus, on December 19, 2024, this Court issued an Order directing Petitioner to show cause why this action should not be dismissed. (Dkt. # 6.) The Court explained therein that in order to obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. (*See id.* at 2 (citing 28 U.S.C. § 2254(b)-(c)).) The Court further explained that though Petitioner indicated in his petition that he had filed multiple appeals challenging his state court judgment, nothing in the record suggested Petitioner had presented his Fourth Amendment claim to any state appellate court for review and, thus, that it appeared his claim was unexhausted and therefore ineligible for federal habeas review. (*See id.*)

This Court went on to observe that even if Petitioner could demonstrate his claim was properly exhausted, the claim was likely not cognizable in this action. (Dkt. # 6 at 2.) The Court explained that in *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that federal habeas review of a Fourth Amendment claim is barred unless the petitioner can show that he was

"denied an opportunity for full and fair litigation of that claim at trial and on direct review." (*Id*. (citing *Stone*, 428 U.S. at 494 n.37).) The Court noted that nothing in the record suggested Petitioner had been denied the opportunity to litigate his Fourth Amendment claim in the state courts, and thus, even if properly exhausted, the claim was likely barred by *Stone*.

Petitioner was directed to file a response to the Order to Show Cause within thirty days and was advised that his failure to timely respond would result in a recommendation that this action be dismissed. To date, Petitioner has filed no response to the Court's Order. Because Petitioner makes no showing that he presented his proposed ground for federal habeas relief to the state courts for review, nor any showing that he was denied the opportunity to litigate his Fourth Amendment claim in the state courts, Petitioner's claim is not cognizable in this federal habeas action. Petitioner's federal habeas petition should therefore be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition and this action be dismissed with prejudice for failure to state a cognizable claim for relief.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a

certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** after they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 25, 2025**.

DATED this 4th day of February, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge